854 F.2d 1183
 In re MARVIN PROPERTIES, INC., dba Cut & Ready Foods, Debtor.
CONSOLIDATED MARKETING, INC., Appellant,
v.
MARVIN PROPERTIES, INC., dba Cut & Ready Foods; Bank of
California, Appellees.
 No. 87-2488.
 United States Court of Appeals,
Ninth Circuit.
 Argued May 11, 1988.
Submitted Aug. 8, 1988.
Decided Aug. 19, 1988.
 
 Robert W. Shapiro, King, Johnson and Shapiro, Oakland, Cal., for appellant.
 Duane M. Geck, Severson, Werson, Berke and Melchior, San Francisco, Cal., for appellees.
 Appeal from the Ninth Circuit Bankruptcy Appellate Panel.
 Before BROWNING, ALARCON and NORRIS, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 In this adversary proceeding in bankruptcy, plaintiff-appellant Consolidated Marketing, Inc. (Consolidated) appeals from a Bankruptcy Appellate Panel (BAP) decision affirming a bankruptcy court order denying its motion for summary judgment and granting summary judgment for defendant-appellee Bank of California (BankCal). Consolidated contends that the bankruptcy court erred when it found that Consolidated had not given adequate notice to Marvin Properties, Inc., dba Cut & Ready Foods (debtor), to perfect a statutory trust under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. Sec. 499e(c)(3) (Supp. III 1985).
 
 
 2
 We must decide whether section 499e(c)(3) requires that a seller give notice to a buyer directly in order to perfect a statutory trust.
 
 
 3
 * The facts in this case are undisputed. Consolidated sells perishable commodities. At issue in this action are commodities Consolidated sold to the debtor on credit between December 10, 1985 and February 4, 1986. The debtor failed to pay for the goods in a timely manner. After the debtor failed to pay, Consolidated sought to obtain a PACA statutory trust on the proceeds from the sale of the perishable commodities.
 
 
 4
 It is undisputed that (1) Consolidated filed a notice of its intent to preserve PACA trust benefits with the Secretary of Agriculture (Secretary), United States Department of Agriculture (USDA), (2) that Consolidated did not send a similar notice to the debtor, (3) that the USDA sent a letter to Consolidated acknowledging receipt of the notice and sent a copy of the letter to Consolidated to the debtor, and (4) that the debtor had actual knowledge that Consolidated had filed a notice of intent to preserve PACA trust benefits with the Secretary. There is a question as to whether the debtor ever received a copy of the actual letter Consolidated sent to the Secretary. Consolidated states that it is "undisputed that the debtor received [Consolidated's] written notice of intent to preserve trust assets from the Department of Agriculture." BankCal contends that "[t]his is inaccurate. The Department of Agriculture sent the Debtor only a copy of the letter to Consolidated, which letter acknowledges receipt of the notice of intent." (Emphasis in original).
 
 
 5
 On February 13, 1986, the debtor filed for relief under Chapter 11 of the Bankruptcy Code, BankCal, who had a perfected secured interest in the debtor's inventory and proceeds, obtained an order from the bankruptcy court granting relief from the automatic stay and allowing it to foreclose upon its security interest in the debtor's inventory, which included property Consolidated claimed as belonging to its PACA trust.
 
 
 6
 On May 27, 1986, Consolidated filed a complaint in bankruptcy court, initiating an adversary proceeding seeking to enforce a PACA statutory trust. Consolidated named the debtor, Robert Crane, vice-president of debtor, Marvin Feinstein, president of debtor, and BankCal. BankCal was included because it was a secured creditor of the debtor and had possession of the property Consolidated sought for the trust, the debtor's inventory and proceeds. BankCal answered the complaint on July 7, 1986.
 
 
 7
 On August 8, 1986, Consolidated filed a motion for summary judgment. In its motion, Consolidated argued that it had fulfilled the requirements in PACA, 7 U.S.C. Sec. 499e(c)(3), necessary to establish a statutory trust, and thus, was entitled to the property in the possession of BankCal that belonged in the trust. Consolidated claimed that the property in a PACA trust is not part of the debtor's estate but is "for the sole benefit of the unpaid seller."
 
 
 8
 On August 19, 1986, BankCal filed its opposition to the motion for summary judgment. BankCal argued that Consolidated failed to show that it sent written notice of its intent to establish a PACA trust to the debtor. According to BankCal, Consolidated's "failure to comply with the regulations was fatal to its claim to benefits under the trust." Because Consolidated had not met its burden of making a prima facie case, BankCal argued, summary judgment for Consolidated would be improper.
 
 
 9
 On August 23, 1986, the debtor filed a statement that it would file no opposition to the motion for summary judgment.
 
 
 10
 On October 20, 1986, the bankruptcy court heard argument on Consolidated's motion and requested simultaneous supplemental briefing on the issue of the type of notice required to preserve a trust under PACA. On January 8, 1987, the bankruptcy court denied Consolidated's motion for summary judgment and sua sponte granted summary judgment in favor of BankCal finding that PACA requires that Consolidated give written notice directly to the debtor in order to preserve a PACA trust. Consolidated appealed the bankruptcy court decision to the BAP. On July 17, 1987, the BAP affirmed the bankruptcy court's decision. In re Marvin Properties, Inc., 76 B.R. 150 (9th Cir. BAP 1987). Consolidated appeals this decision.
 
 II
 
 11
 This court "review[s] de novo the bankruptcy court's grant of summary judgment." In re Center Wholesale, Inc., 788 F.2d 541, 542 (9th Cir.1986) (citing In re Daley, 776 F.2d 834, 836 (9th Cir.1985), cert. denied, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986)).
 
 
 12
 Section 499e(c)(3) of PACA establishes a procedure whereby a seller of perishable commodities can establish a trust for its own benefit on the commodities it sold on credit and on any proceeds of the buyer from subsequent sale of those proceeds. Section 499e(c)(3) states in pertinent part:
 
 
 13
 The unpaid supplier, seller or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the Secretary [of Agriculture]....
 
 
 14
 The bankruptcy court interpreted this provision "to require the seller to send written notice directly to both the debtor and the Secretary in all instances."
 
 
 15
 In its opening brief, Consolidated argues that the USDA's regulations implementing section 499e(c) and the legislative history of PACA show that section 499e(c) "merely require[s] that written notice be given to the debtor. There is no requirement that the unpaid seller must be the entity to give the written notice. Therefore, the trust was properly perfected when the debtor received the written notice in a timely manner."
 
 
 16
 No case has answered the question presented in this action: Whether section 499e(c)(3) requires that written notice be given by the seller directly to the buyer, or whether the notice requirement is satisfied as long as the buyer receives actual notice, no matter who gives it to it.
 
 The Supreme Court has held that
 
 17
 [l]egislative history can be a legitimate guide to a statutory purpose obscured by ambiguity, but "[i]n the absence of a 'clearly expressed legislative intention to the contrary,' the language of the statute itself 'must be ordinarily regarded as conclusive.' "
 
 
 18
 Burlington Northern R.R. Co. v. Oklahoma Tax Comm'n, 481 U.S. 454, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987) (quoting United States v. James, 478 U.S. 597, 606, 106 S.Ct. 3116, 3122, 92 L.Ed.2d 483 (1986), in turn quoting Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). Accord Foxgord v. Hischemoeller, 820 F.2d 1030, 1032 (9th Cir.), cert. denied, --- U.S. ----, 108 S.Ct. 503, 98 L.Ed.2d 502 (1987). If the terms of a statute are unambiguous, judicial inquiry is complete "unless exceptional circumstances dictate otherwise...." Burlington Northern, 107 S.Ct. at 1860 (citing Rubin v. United States, 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981)).
 
 
 19
 The language of section 499e(c)(3) is unambiguous on its face. It clearly states that the seller shall lose the trust benefits unless "such person has given written notice of intent to preserve benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the Secretary...." (Emphasis added). The statute clearly requires the seller to give written notice directly to the buyer.
 
 III
 
 20
 Consolidated argues that even if section 499e(c)(3) requires that Consolidated give written notice to the debtor directly, the USDA acted as Consolidated's agent and gave notice to the debtor sufficient to fulfill the statutory requirements. The BAP held that "Consolidated admits that this argument is raised for the first time on appeal...." The BAP declined to review the issue for the first time on appeal.
 
 
 21
 Consolidated contends that the BAP erred when it ruled that the agency issue was raised for the first time on appeal. Consolidated makes the argument in its brief that the Affidavit of Harriet Morgan attached to the Reply Memorandum of Points and Authorities in Support of the Motion for Summary Judgment, in addition to the two letters written by the USDA and attached to the affidavit, "demonstrates that the Secretary of the Department of Agriculture was acting as the agent of the ... seller." Consolidated argues that this is sufficient to show that the issue was raised before the bankruptcy court.
 
 
 22
 The theory of agency was not advanced or suggested to the bankruptcy court. The affidavit and the letters were presented in response to an argument raised in BankCal's opposition to the summary judgment motion that Consolidated had not shown that the debtor had received notice of Consolidated's intent to preserve the trust benefits. Neither the affidavit nor the letters referred to the USDA as Consolidated's agent. In addition, the argument was not made in any other paper presented to the bankruptcy court that the USDA acted as Consolidated's agent. Finally, the issue of agency was not asserted in Consolidated's briefs before the BAP. From the record, it is clear that agency was first raised during oral argument before the BAP.
 
 
 23
 This court reviews an intermediate court's decision whether to consider issues not presented to the bankruptcy court for an abuse of discretion. See Matter of Pizza of Hawaii, Inc., 761 F.2d 1374, 1377 (9th Cir.1985) ("it is within the district court's discretion whether to consider issues not presented to the bankruptcy court"). The BAP did not abuse its discretion in refusing to address an issue raised for the first time during oral argument.
 
 
 24
 The fact that the BAP acted within its discretion in refusing to reach the agency issue does not resolve the question whether we should address it. An appellate court will decline to review an issue not properly raised below unless it is necessary to prevent a manifest injustice. In re Ryther, 799 F.2d 1412, 1414 (9th Cir.1986). "Where a party fails to provide a reason for its failure to raise an issue in the trial court, there is no manifest injustice in refusing to review the issue." Id. "This court may dispense with the waiver rule when 'the question is a purely legal one that is both central to the case and important to the public.' " Abex Corp. v. Ski's Enterprises, Inc., 748 F.2d 513, 516 (9th Cir.1984) (quoting In re Sells, 719 F.2d 985, 990 (9th Cir.1983)).
 
 
 25
 Consolidated argues that the agency question is a purely legal issue and therefore can be decided for the first time on appeal. We do not agree. Whether an agency relationship exists requires findings of facts to show the nature of the relationship between the parties. We also decline to address this issue for the first time in this appeal.
 
 
 26
 AFFIRMED.