In re MILTON POULOS, INC., Debtor.

C & E ENTERPRISES, INC., dba Koyama Farms, a California corporation; Pleasant Valley Vegetable Cooperative, a California corporation; Teixeira Farms, Inc., a California corporation; Maulhardt Stiles Co., a partnership, Appellants,

v.

MILTON POULOS, INC., Appellee.

BAP Nos. CC–89–1053–JVMe, CC–89–1070–JVMe.

Bankruptcy No. LA–87–21451–NCA.

Ref. No. M7–096006–NCA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on June 15, 1989.

Decided Dec. 11, 1989.

Lewis P. Janowsky, Ryan & Janowsky, Newport Beach, Cal., for appellants.

Leo O'Biecunnas, Jr., Zide & O'Biecunas, Los Angeles, Cal., for appellee.

Before JONES, VOLINN and MEYERS, Bankruptcy Judges.

JONES, Bankruptcy Judge:

Appellants, C & E Enterprises, Inc., dba Koyama Farms, et al, appeal a bankruptcy court order granting relief from the automatic stay and ordering Debtor, Milton Poulos, Inc., to pay various sums to eight particular court designated trust beneficiaries. Appellants contend that two of the designated beneficiaries should have no share of the trust because they did not present their claims until after the court determined that the trust was valid and enforceable. We Affirm.

## FACTS

On October 21, 1987, Debtor, Milton Poulos, Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Debtor subsequently moved for conversion of his case to Chapter 7. Debtor is engaged in the business of purchasing fruit and vegetables from many growers and distributors.

On December 10, 1987, C & E Enterprises, Inc., dba Koyama Farms, Pleasant Valley Vegetable Cooperative, Teixeira Farms, Inc. and Maulhardt–Stiles filed a motion for relief from the automatic stay and for turnover of property not part of Debtor's estate. These suppliers sought relief to assert their rights to assets established as a statutory trust under the Perishable Agricultural Commodities Act of 1930 ("PACA").

At the court's request, notice of this motion was served on other supplier creditors, including Veg–A–Mix, Florance Distributing Co., Del Mar Packing Co., and Smithpro Brokerage. Veg–A–Mix and Florance Distributing Co. moved to intervene and join the motion. These six suppliers, C & E Enterprises, Pleasant Valley Vegetable Cooperative, Teixeira Farms, Inc., Maulhardt–Stiles, Veg–A–Mix, and Florance Distributing Co. shall hereinafter be referred to as "Beneficiaries."

The court below determined that the PACA trust is a valid statutory trust, that the trust beneficiaries' rights are enforceable in bankruptcy and that the trust assets are not part of the bankruptcy estate. 94 B.R. 648. The trial court's Memorandum of Decision identified Beneficiaries along with their alleged claims. The court also noted that several other unpaid sellers

with potential trust claims existed but were not participating in the motion. In addition, the Memorandum denied Beneficiaries' requests for interest and attorneys' fees and costs. Beneficiaries filed a motion for reconsideration of this last determination. Finally, in a separate order, Judge Ashland ordered the parties to appear before the court on November 7, 1988 to settle the contents of an order contemplated in the Memorandum of Decision.

Del Mar Packing Co. and Smithpro Brokerage ("Claimants") first appeared at the November 7, 1988 hearing. Claimants asserted their right to a share of the trust assets notwithstanding the fact that they had not intervened and had no prior participation in the proceedings. An order filed on December 28, 1988 granted relief from stay and identified the participants of the trust entitled to share in the trust assets. Claimants were identified along with Beneficiaries in the order. In addition, the court again denied an award of interest and attorneys' fees and costs. Beneficiaries timely appealed both the inclusion of Claimants as sharing in the trust assets and the denial of interest and attorneys' fees and costs.[1]

## STANDARD OF REVIEW

■ Whether Del Mar Packing Co. and Smithpro Brokerage, Claimants, are entitled to share in the Debtor's trust assets is a question of law. Questions of law are reviewed *de novo. In re Pizza of Hawaii*, 761 F.2d 1374 (9th Cir.1985). Generally, review of a bankruptcy court's award of attorney's fees or similar compensation is for an abuse of discretion. *In re*

*Nucorp Energy, Inc.*, 764 F.2d 655, 657 (9th Cir.1985); *In re Knudsen Corp.*, 84 B.R. 668, 670 (9th Cir. BAP 1988).

## DISCUSSION

■ Beneficiaries argue that Claimants must be excluded from sharing in the PACA trust distributions because Claimants did not participate in the bankruptcy proceedings. Specifically, Beneficiaries assert that Claimants should have no share because they did not establish the validity of their claims, they did not timely move to intervene under Fed.R.Civ.P. 24, and their failure to participate constitutes waiver of their claims.

According to the Perishable Agricultural Commodities Act, any perishable agricultural commodities received by a commission merchant, dealer, or broker and any receivables or proceeds from the sale of the commodities, shall be held in trust for the benefit of all unpaid suppliers or sellers of such commodities until they have received full payment. 7 U.S.C. § 499e(c)(2) (Supp. 1988). The requirements for participating in this statutory trust are found in subsection (c)(3).[2] To perfect this statutory trust, the seller must give written notice directly to both the buyer and the Secretary of Agriculture; indirect notice from the Secretary to the buyer is not sufficient. *In re Marvin Properties, Inc.*, 854 F.2d 1183, 1186 (9th Cir.1988).

The assets in a PACA trust do not have to be separated from the debtor's other assets. Moreover, they need not be specifically designated as "trust assets." *In re*

---

1. Two appeals were brought by six of the beneficiaries. These appeals were administratively consolidated under F.R.A.P. 3(b) because the issues on appeal are identical. BAP No. CC–89–1053 was filed by C & E Enterprises, Inc., dba Koyama Farms, Pleasant Valley Vegetable Cooperative, Teixeira Farms, Inc. and Maulhardt–Stiles Company. BAP No. CC–89–1070 was filed by the two remaining Appellants, Florance Distributing Co. and Veg–A–Mix.

2. Subsection (c)(3) provides:
    [t]he unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the com-

mission merchant, dealer, or broker and has filed such notice with the Secretary within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction, or (iii) after the time the supplier, seller, or agent has received notice that the payment instrument promptly presented for payment has been dishonored....

7 U.S.C. § 499e(c)(3) (Supp.1988).

*Fresh Approach, Inc.*, 51 B.R. 412, 422 (Bankr.N.D.Tex.1985). Rather, the assets "are to be preserved as a nonsegregated 'floating' trust. Commingling of trust assets is contemplated." 7 C.F.R. § 46.46 (1988). Finally, it is well settled that property held by a debtor in a PACA statutory trust is not part of the bankruptcy estate. *See, e.g., In re W.L. Bradley Company, Inc.*, 75 B.R. 505 (Bankr.E.D.Pa.1987); *In re Monterey House, Inc.*, 71 B.R. 244 (Bankr.S.D.Tex.1986); *Fresh Approach*, 51 B.R. at 419. As noted by one court, this proposition "is so widely accepted as to be beyond dispute." *Fresh Approach*, 51 B.R. at 419.

In this case, Debtor acknowledged that all of the supplier creditors involved in this appeal gave notice of their intent to preserve the benefits of the trust, and thus properly perfected their rights in the trust. Moreover, the record contains evidence that the claims were indeed properly perfected according to Department of Agriculture standards. This evidence comes in the form of correspondence from the United States Department of Agriculture which lists the parties involved here together with the amounts of their PACA claims.

Despite this evidence, Beneficiaries assert that Claimants should have no share in the PACA trust assets because they did not participate in the motion for relief from stay. Beneficiaries contend that the amended notice of motion for relief from stay, provided in accordance with Judge Ashland's request, clearly communicated to Claimants the fact that Beneficiaries were seeking distribution for themselves only and not for an undefined class of creditors. However, Beneficiaries' argument fails to recognize that the plain language of § 499e provides for distribution to *all* supplier creditors who perfect their rights. Section 499e(c)(2) plainly states that PACA trust assets "shall be held ... in trust ... for the benefit of *all* unpaid suppliers...." 11 U.S.C. § 499e(c)(2) (Supp.1988) (emphasis added).

The PACA claimants are not, as Beneficiaries term them, "an undivided class of creditors" but rather a narrowly defined class whose membership depends upon strict compliance with notice provisions and regulations promulgated under the Act. *See, e.g., In re D.K.M.B., Inc.*, 95 B.R. 774, 779 (Bankr.D.Colo.1989). Absent some countervailing reason, all properly perfected PACA claimants should share in the trust assets because the trust is impressed for the benefit of all suppliers. Moreover, because the trust class is already established, the Beneficiaries' argument is not well taken.

While there are no reported cases which deal with the issue of where some PACA suppliers seek to exclude others from sharing in trust assets, at least one bankruptcy court has recognized that one PACA claimant is not entitled to payment ahead of other claimants. In *J.R. Brooks & Son v. Norman's Country Market*, 98 B.R. 47 (Bankr.N.D.Fla.1989), one supplier creditor sought judgment declaring that the debtor violated various PACA provisions. The creditor also sought payment of its claim. The bankruptcy court determined that immediate relief was necessitated by the debtor's actions but refused to allow payment of the creditor's claim. Rather, because there existed other PACA claimants who faced potential non-payment, the court required the debtor to segregate and hold in trust all PACA assets. Should the trust assets not be sufficient to pay *all* PACA claims, then the debtor was to distribute the trust assets on a *pro rata* basis. *Id.* at 51. We believe this approach is the appropriate one in light of § 499e's unequivocal language. Further, while Claimants sought participation in the trust after the motion to lift stay, no final order had been entered. Thus, it is proper that Claimants share in distribution.

■ Finally, Beneficiaries appeal denial of interest, fees and costs. The trial court held that, assuming it had the equitable power to grant Beneficiaries' claims, such an award would unfairly deplete the bankruptcy estate at the expense of all other creditors. Thus, the Beneficiaries were only entitled to enforcement of their rights established under the PACA. *In re Milton Poulos, Inc.*, 94 B.R. 648, 653 (Bankr.C.D. Cal.1988). Reviewing this determination

for an abuse of discretion, we find none. Judge Ashland considered the overall equities of the case and determined that an award of interest, fees and costs would benefit Beneficiaries at the expense of all other estate creditors. We find that such a consideration here is not an abuse of discretion.

Moreover, unlike over two hundred other federal causes of action in which Congress has explicitly provided for attorney's fees, 7 U.S.C. 499e(c)(2) contains no express statutory right to such an award. *In re W.L. Bradley Co., Inc.*, 78 B.R. 92, 95 (Bankr.E.D.Pa.1987). Importantly, § 499g(c) of the PACA provides for an award of attorney's fees to a prevailing appellee from a reparation order for violation of 7 U.S.C. § 499b. *Id.* No like provision exists for § 499e. The inconsistent provisions for an award of attorney's fees within the PACA itself demonstrate Congress' intent that attorney's fees not be automatically considered part of a beneficiary's share under § 499e.

## CONCLUSION

The plain language of 7 U.S.C. § 499e(c)(3) clearly provides that the PACA statutory trust is established for the benefit of all properly perfected unpaid supplier creditors. Today, we hold that, absent some countervailing reason, certain properly perfected supplier creditors cannot exclude other similarly perfected supplier creditors from sharing in trust distribution on grounds that they failed to join a motion for relief from stay. This holding gives effect to Congress' clear intent that a PACA trust is for the benefit of all unpaid suppliers. We also hold that the trial court's denial of interest, attorney's fees and costs was not an abuse of discretion. Moreover, there is no express statutory right to such an award. Accordingly, we AFFIRM the order below permitting Claimants to participate in the PACA trust and denying Beneficiaries' request for interest, attorneys fees and costs.