**In re MILTON POULOS, INC., Debtor.**

**C & E ENTERPRISES, INC.; Florance Distributing Company; Veg–A–Mix; Pleasant Valley Vegetable Cooperative; Teixeira Farms, Inc.; Maulhardt Stiles Company, Appellants,**

v.

**MILTON POULOS, INC., Appellee.**

**No. 90–55474.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1991.

Memorandum Filed July 31, 1991.

Order and Opinion Filed Oct. 29, 1991.

Lewis P. Janowsky, Rynn & Janowsky, Newport Beach, Cal., for appellants.

Marion I. Quesenbery, Dressler & Quesenbery, Newport Beach, Cal., for appellants Florance Distributing Co. and Veg–A–Mix.

Leo O'Biecunas, Jr., Zide & O'Biecunas, Los Angeles, Cal., for appellee.

Before HUG, NORRIS and LEAVY, Circuit Judges.

## ORDER

The memorandum disposition, filed July 31, 1991, is redesignated as a per curiam opinion.

## OPINION

PER CURIAM:

Appellants C & E Enterprises and six other produce suppliers (collectively "C & E Enterprises") appeal the Bankruptcy Appellate Panel's ("BAP") decision affirming the bankruptcy court's order granting relief from the automatic stay and ordering Debtor, Milton Poulos, Inc. ("Poulos") to pay various sums to eight particular suppliers as beneficiaries of a court-designated statutory trust under the Perishable Agricultural Commodities Act ("PACA"). 107 BR 715. C & E Enterprises contends that two of the designated beneficiaries, Del Mar Packing Co. ("Del Mar") and Smithpro Brokerage ("Smithpro"), should receive no share of the trust because they did not present their claims until after the court determined the trust was valid and enforceable.

The BAP ruled the bankruptcy court was correct in concluding that Del Mar and Smithpro had properly perfected their PACA trust rights and were entitled to their pro rata share of trust assets. BAP also affirmed the bankruptcy court's denial of C & E Enterprises' request for attorneys' fees. C & E Enterprises filed a timely notice of appeal from BAP's decision to affirm the bankruptcy court's judgment.

We have jurisdiction to hear this case under 28 U.S.C. § 158(d). We affirm that portion of the BAP's decision finding Del Mar and Smithpro had properly perfected their PACA trust rights and were entitled to their pro rata share of trust assets, but reverse that portion of the decision denying C & E Enterprises' request for attorneys' fees.

■ The PACA provisions provide for the establishment of a nonsegregated trust under which a produce dealer holds its produce-related assets as a fiduciary until full payment is made to the produce seller. See 7 U.S.C. § 499e(c) (1988); see also Frio Ice, S.A. v. Sunfruit, Inc., 918 F.2d 154, 156 (11th Cir.1990). The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received. 7 U.S.C. § 499e(c)(2). The unpaid supplier loses the benefits of the trust unless he gives written notice of his intent to preserve the benefits of the trust to the produce dealer and files the notice with the United States Department of Agriculture ("USDA") within the statutorily prescribed time period. 7

U.S.C. § 499e(c)(3). The produce seller must give written notice directly to both the produce buyer and the Secretary of Agriculture; indirect notice from the Secretary to the buyer is not sufficient. *See Consolidated Marketing, Inc. v. Marvin Properties, Inc. (In re Marvin Properties)*, 854 F.2d 1183, 1186 (9th Cir.1988).

Here, representatives of Del Mar submitted declarations that state: "The contents of the [USDA certification] letter clearly indicate and designate that Del Mar Packing Co. has a claim against Milton Poulos...." A similar statement is included in the Smithpro Brokerage's representative's declaration. The USDA certification letter, which correctly indicates the requirements for establishing the trust, acknowledges Del Mar as trust claimants and the amounts perfected. Additionally, Poulos acknowledged that all of the produce suppliers involved in this appeal gave notice of their intent to preserve the benefits of the trust. Poulos was contesting the fact that this trust existed because it removed assets from the bankruptcy estate. Certainly, it would have been in Poulos' interest to knock out any of the claimants who did not appropriately establish a trust interest. Poulos did not challenge the fact that Del Mar and Smithpro had appropriately noticed their claims as required by the statute.

■ The bankruptcy court's finding that the notice requirement of PACA had been met is not clearly erroneous. Further, we find no merit in the assertion by C & E Enterprises that Del Mar and Smithpro's failure to participate in the Motion for Relief from stay precludes them from sharing pro rata in the trust assets. Accordingly, we find that they properly perfected their PACA trust rights and are entitled to their pro rata share of the trust assets.

■ Finally, we reverse the BAP's denial of C & E Enterprises' request for attorneys' fees. The attorneys for C & E Enterprises (as referred to collectively) are directly responsible for the availability of the funds from the statutorily created trust. Through their efforts, the bankruptcy court declared the trust valid and enforceable, thereby permitting the funds to be dispersed among the trust claimants. As the efforts of these attorneys resulted in a common fund for the group, we hold that they are entitled to recover their attorneys' fees out of the fund. *See generally Boeing Co. v. Van Gemert*, 444 U.S. 472, 478, 100 S.Ct. 745, 749, 62 L.Ed.2d 676 (1980) (noting that it is well-settled "that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole"). The attorneys will be compensated out of the trust funds for their efforts in establishing the trust that resulted in a common fund.

AFFIRMED IN PART; REVERSED IN PART.