### In re SAN JOAQUIN FOOD SERVICE, INC., Debtor.

### BOWLIN & SON, INC., Appellant,

### v.

### SAN JOAQUIN FOOD SERVICE, INC., Appellee.

### No. 90–16433.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 1992 *.

Decided March 11, 1992.

Joseph Choate, Jr., Choate & Choate, Los Angeles, Cal., for appellant.

Michael H. Meyer, Fresno, Cal., for appellee.

Before TANG, PREGERSON and FERGUSON, Circuit Judges.

TANG, Circuit Judge:

Bowlin & Son, Inc., ("Bowlin") appeals the decision of the bankruptcy appellate panel ("BAP") affirming the bankruptcy court's decision denying Bowlin's motion for relief from automatic stay. Bowlin seeks to recover $238,000 from the debtor, San Joaquin Food Service, Inc., ("San Joaquin") on the ground that this sum is held apart from the bankruptcy estate in a trust created by the federal Perishable Agricultural Commodities Act, 1930, as amended, ("PACA") for the benefit of produce sellers such as Bowlin. The BAP concluded that Bowlin was not entitled to this sum because Bowlin failed to comply with PACA provisions when it did not include

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

the terms of payment on its invoices to San Joaquin. We affirm.

## I

Bowlin is a supplier of fresh produce. In the course of business, Bowlin delivered to San Joaquin produce for which San Joaquin owes Bowlin $238,000. Bowlin argues that San Joaquin holds this sum for Bowlin's benefit in a trust created under PACA, 7 U.S.C. §§ 499a–499t. The money, Bowlin contends, is therefore separable from San Joaquin's bankruptcy estate. Bowlin seeks relief from the automatic stay imposed when San Joaquin declared bankruptcy in order to recover from this separate trust. *See* 11 U.S.C. § 362(a), (d).

PACA establishes a nonsegregated trust in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller. *C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)*, 947 F.2d 1351, 1352 (9th Cir.1991) (per curiam). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." *Id.; see also* 7 U.S.C. § 499e(c)(2). There is no dispute that when a party establishes an interest in a PACA trust, the trust proceeds are separate from a PACA trustee's bankruptcy estate. *See C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)*, 107 B.R. 715, 718 (Bankr. 9th Cir.1989), *aff'd-in-part and rev'd-in-part*, 947 F.2d 1351 (9th Cir.1991).

In establishing the trust, however, produce sellers must take certain steps to preserve their right to benefit from the trust. *See id.* at 1352–53. The relevant PACA provision provides:

> The unpaid supplier, seller, or agent *shall lose the benefits of such trust un-*less such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the Secretary [of Agriculture] within thirty calendar days (i) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, [or] (ii) after expiration of such other time by which payment must be made, as the parties have expressly agreed to in writing before entering into the transaction.... *When the parties expressly agree to a payment time period different from that established by the Secretary,* a copy of any such agreement shall be filed in the records of each party to the transaction and *the terms of payment shall be disclosed on invoices,* accountings, and other documents relating to the transaction.

7 U.S.C. § 499e(c)(3) (emphasis added).

As contemplated in § 499e(c)(3), Bowlin and San Joaquin agreed in writing to a "payment time period different from that established by the Secretary." Specifically, the parties agreed that payment would be due within 30 days of the date of each invoice, as opposed to the Secretary's 10 day period which would otherwise control their transactions.[1] Because Bowlin and San Joaquin entered a separate, written agreement deviating from the prescribed payment time period, § 499e(c)(3) required that "the terms of payment shall be disclosed on invoices" sent by Bowlin to San Joaquin. Bowlin concedes that it failed to comply with this requirement.

San Joaquin does not otherwise challenge Bowlin's compliance with other statutory requirements to obtain the benefits of the PACA trust. Thus, there is no question that Bowlin gave San Joaquin the written notice of intent to preserve the benefits of the trust, and filed such notice with the

---

1. Payment time periods established by the Secretary are set out at 7 C.F.R. § 46.2(aa). Appellee San Joaquin now appears to dispute whether, in fact, the parties' agreement deviated from the Secretary's payment time period. However, San Joaquin's defense against Bowlin's motion for relief from automatic stay is that the parties did enter such an agreement. Bowlin concedes that the parties entered such an agreement and both the bankruptcy court and the BAP assumed that the parties' agreement deviated from the payment time period prescribed by the Secretary. Therefore, we will not revisit this issue.

Secretary of Agriculture, as mandated by § 499e(c)(3). The BAP concluded, however, as did the bankruptcy court, that Bowlin's failure to include the terms of payment on its invoices voided its rights in the PACA trust. The BAP therefore affirmed the denial of Bowlin's motion for relief from automatic stay. The issue presented for our review is whether Bowlin's failure to include the terms of payment in its invoices to San Joaquin prevents Bowlin from benefiting from the PACA trust.

## II

The BAP's construction of PACA and its trust requirements is reviewed de novo. *See Western Dist. Council of Lumber Prod. & Indus. Workers v. Louisiana Pac. Corp.*, 892 F.2d 1412, 1417 (9th Cir.1989) (statutory construction reviewed de novo).

In *Consolidated Mktg., Inc. v. Marvin Properties, Inc. (In re Marvin Properties, Inc.)*, 854 F.2d 1183 (9th Cir.1988), we affirmed the denial of benefits of a PACA trust to a seller of produce who had failed to give the required notice of intent to preserve trust benefits directly to the buyer. *Id.* at 1186. The produce seller in fact filed a notice of intent with the Secretary, and the Secretary in turn acknowledged the filing, sending a copy of the acknowledgment to the buyer. *Id.* at 1184–85. The seller thus argued that it was sufficient for purposes of § 499e(c)(3) that the buyer received from the Secretary an acknowledgment of the seller's filing of its notice preserving trust benefits. *Id.* at 1186. We disagreed, concluding that the language of the statute unambiguously required the seller to give notice directly to the buyer. *Id.* Literal compliance is required.

■ In our case also the language of the statute is unambiguous. Subsection 499e(c)(3) specifically prescribes the means of preserving PACA trust benefits. Unless the terms of the statute are met, it specifies that the benefits of the trust are lost. Where "the parties expressly agree to a payment time period different from that established by the Secretary," the statute mandates that "the terms of payment *shall* be disclosed on invoices, accountings, and other documents relating to

the transaction." 7 U.S.C. § 499e(c)(3) (emphasis added). The clear command of this language is that a failure to include payment terms in invoices divests the seller of trust benefits. Bowlin's failure to include the terms of payment on its invoices to San Joaquin nullifies Bowlin's interest in the PACA trust. The BAP correctly affirmed the denial of relief from automatic stay.

Contrary to Bowlin's argument, this is not a case where "substantial compliance" with statutory requirements excuses Bowlin's omission. First, the invoice requirement at issue is a clear mandate of Congress included in the statute itself, rather than a regulation promulgated by the Secretary of Agriculture. *Cf. Debruyn Produce Co. v. Richmond Produce Co. (In re Richmond Produce Co.)*, 112 B.R. 364, 372 (Bankr.N.D.Cal.1990) (upholding trust benefits based on "substantial compliance" with regulations after observing that PACA itself did not impose requirement in question; "although the regulations must be considered, the court is not required to give this portion of the regulations the deference to which they would be entitled if they had been enacted pursuant to a statutory mandate"); *Hull Co. v. Hauser's Foods, Inc.*, 924 F.2d 777, 782–83 (8th Cir. 1991) (upholding trust benefits based on "substantial compliance" with regulations); *Tom Lange Co. v. Lombardo Fruit & Produce Co. (In re Lombardo Fruit & Produce Co.)*, 107 B.R. 654, 661–62 (Bankr. E.D.Mo.1989) (same).

Second, there is no indication that Bowlin attempted to comply with the invoice requirement. *Cf. id.* at 656 (in a decision partially upholding trust benefits, terms of payment set forth in invoice deviated from terms upon which parties agreed in writing).

Third, the present case involves an omission of payment terms not merely from "other documents relating to the transaction," but from the kind of document expressly identified in the statute: invoices. Thus, there is no ambiguity in the present case concerning whether Bowlin was required to include the terms of payment in the particular documents at issue here. *Cf. In re W.L. Bradley Co.*, 75 B.R. 505, 511 (Bankr.E.D.Pa.1987) (resolving ambiguities

in favor of PACA trust beneficiary). Bowlin's argument that it has "substantially complied" with the PACA trust requirement fails.

Bowlin contends also that the invoice requirement should not be enforced in light of San Joaquin's actual knowledge of the payment terms. This argument must be rejected. As in *Marvin Properties,* the present case involves a statutory requirement to which the "substantial compliance" doctrine is inapplicable. We implicitly rejected the argument in *Marvin Properties* that noncompliance with statutory requirements should be excused when the purpose of the requirement is to provide notice to the PACA trustee, even though there was no dispute that the trustee had actual knowledge. *See* 854 F.2d at 1184, 1186. Bowlin's "actual knowledge" defense is unavailing.[2]

AFFIRMED.

**2.** In its opening brief, Bowlin mentions a second issue which it does not argue. Specifically, Bowlin contends that, even if it failed to preserve its benefits under the provisions that pertain when parties enter an agreement deviating from the payment time periods established by the Secretary, Bowlin should still be able to preserve its benefits to the extent that it complied with the provisions that pertain when the parties do not agree to deviate from the Secretary's prescribed payment time periods. The

courts below correctly rejected this argument. Once the parties agree to operate under a written agreement deviating from the Secretary's regulations, this precludes either party from resorting to the regulations so long as the agreement remains valid. As the BAP concluded, Bowlin's failure to include the terms of payment in its invoices "cannot void the prior agreement and permit the parties to act as if no agreement exists."