23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 In re George W. HOLDER, Jr., Debtor.
George W. HOLDER, Jr., Plaintiff-Appellant,
v.
William L. NEWPORT, Defendant-Appellee.
 No. 93-6394.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1994.
 
 Before: BOGGS and SILER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 George W. Holder, Jr., appeals a district court order affirming a bankruptcy court's Order of Confirmation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Holder owned a corporation known as Can-Do, Inc., which was engaged in the sale of tape and tape packing products. On July 24, 1991, Holder filed a Chapter 11 bankruptcy petition, and on November 13, 1991, a Chapter 11 Trustee was appointed.
 
 
 3
 On December 23, 1992, Holder filed a Disclosure Statement and Plan of Reorganization. On March 18, 1993, the Trustee filed an Amended Chapter 11 Plan and Disclosure Statement. On April 6, 1993, Holder, proceeding pro se, filed a "Request for the Termination of the Trustee, Termination of Trustee's Employment, Return of Money Paid to Trustee, and Reinstatement of Debtor as Debtor in Possession." On April 15, 1993, Holder filed objections to the Trustee's Plan. A confirmation hearing was held on April 19, 1993, at which time the court overruled Holder's objections and confirmed the Trustee's Plan by order dated April 29, 1993. On May 10, 1993, Holder appealed the Order of Confirmation, arguing that: 1) the bankruptcy court abused its discretion in denying the motion to continue the confirmation hearing; 2) the bankruptcy court abused its discretion in confirming the Trustee's plan prior to a ruling on Holder's motion to terminate the Trustee; 3) the bankruptcy court abused its discretion in confirming the liquidating plan for failing to meet the good faith requirement; and 4) the plan unfairly discriminated against Holder.
 
 
 4
 In a bench decision rendered September 13, 1993, and order entered September 14, 1993, the district court affirmed the Order of Confirmation. Holder raises the same issues on appeal.
 
 
 5
 Upon review, we affirm the district court's order for the reasons stated by that court. First, the grant or denial of a continuance is a matter within the discretion of the trial judge and will not be reversed on appeal unless there has been a clear abuse of discretion. Bennett v. Scroggy, 793 F.2d 772, 774-75 (6th Cir.1986). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Southward v. South Cent. Ready Mix Supply Corp., 7 F.3d 487, 492 (6th Cir.1993); Hoffman v. Merrell Dow Pharmaceuticals, Inc. (In re Bendectin Litigation), 857 F.2d 290, 307 (6th Cir.1988), cert. denied, 488 U.S. 1006 (1989).
 
 
 6
 In the instant case, Holder requested several continuances during the plan process, and the bankruptcy judge had continued the disclosure statement hearings twice to allow Holder to seek new counsel. Other requests for continuances of the confirmation and disclosure statement hearings were denied based upon the overall history of the case and the prior continuances granted to Holder. Under such circumstances, there is no basis for finding an abuse of discretion.
 
 
 7
 Second, the record reflects that Holder voluntarily entered into an order withdrawing, "without prejudice as to any matter not expressly resolved by the terms of the settlement," the motion to terminate the trustee. Although the order withdrawing the motion was without prejudice, it was incumbent on Holder to refile his motion as to those matters not expressly resolved by the settlement. Holder never refiled his motion. Therefore, the issue became moot and could not be raised on appeal in the district court. See Lake Coal Co. v. Roberts & Schaefer Co., 474 U.S. 120 (1985) (per curiam); Affholder, Inc. v. Preston Carroll Co., 866 F.2d 881, 885 (6th Cir.1989).
 
 
 8
 Finally, the district court properly declined to entertain Holder's good faith requirement and discrimination claims. Unless exceptional circumstances are present, arguments or issues not raised before a lower court ordinarily are not addressed on appeal. See Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). This rule has been applied to refuse consideration to arguments litigants failed to raise initially in the bankruptcy court. See, e.g., Consolidated Mktg., Inc. v. Marvin Properties, Inc. (In re Marvin Properties, Inc.), 854 F.2d 1183, 1186-87 (9th Cir.1988); Jacoway v. Anderson (In re Ozark Restaurant Equip. Co.), 850 F.2d 342, 345-46 (8th Cir.1988); Truck Drivers Local 807 v. Carey Transp., Inc., 816 F.2d 82, 90 (2d Cir.1987). The instant case does not present exceptional circumstances that warrant addressing these claims now.
 
 
 9
 Accordingly, the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.