37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 SKONE & CONNORS PRODUCE, INC., a Washington corporation,
Plaintiff-Appellee,
v.
John J. PANATTONI and Cheryl Panattoni, Defendants-Appellants.
 No. 91-36358.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 22, 1994.
 
 Before: BROWNING, WRIGHT and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John and Cheryl Panattoni argue that the district court erred by holding them personally liable on summary judgment for the debt of their closely held corporation, Fresh Mar, Inc., d/b/a FreshPict Marketing, Inc. (FreshPict). We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 3
 When Skone & Connors Produce, Inc. delivered potatoes to FreshPict's client a nonsegregated trust was automatically created under the Perishable Agricultural Commodities Act (PACA). 7 U.S.C. Sec. 499e(c)(2); In re San Joaquin Food Service, Inc., 958 F.2d 938, 939 (9th Cir.1992). FreshPict held its produce-related assets as a fiduciary for the benefit of Skone & Connors. 7 U.S.C. Sec. 499e(c)(2). FreshPict was obligated to maintain the trust until it could make full payment. Id. But to perfect the trust Skone & Connors had to provide written notice of its intent to preserve the trust benefits to the United States Department of Agriculture and FreshPict. 7 U.S.C. Sec. 499e(c)(3); In Re Marvin Properties, Inc., 854 F.2d 1183, 1186 (9th Cir.1988).
 
 
 4
 The Panattonis argue that Skone & Connors failed to establish that it gave notice to FreshPict. We agree with the district court, however, that they waived this argument by admitting that Skone & Connors was a trust beneficiary entitled to recover the debt from FreshPict. American Title Ins. Co. v. Lacelaw Corp., 861 F.2d 224, 226-27 (9th Cir.1988) (admissions in pleadings and briefs may be binding before trial and appellate court). Because the Panattonis had never before contested FreshPict's liability, the court did not abuse its discretion by ruling that they could not at the last moment contend that Skone & Connors had failed to preserve its right to recover the trust benefits. Id. at 227.
 
 
 5
 As a PACA dealer and trustee, FreshPict owed $39,146 and interest to Skone & Connors, the PACA trust beneficiary. 7 U.S.C. Sec. 499e. It never paid. And the amount owed is undisputed. The question, however, is whether John Panattoni exercised sufficient control over FreshPict to be held personally liable for the debt.[2]
 
 
 6
 The Panattonis were FreshPict's sole shareholders. John was the only licensed PACA dealer associated with FreshPict when the potatoes were delivered.[3] He was also the president. He was not involved in day-to-day operations, but he monitored FreshPict's financial condition, made ultimate business decisions, and made a personal loan to FreshPict. And while FreshPict's debt was still outstanding the corporation paid $10,000 to the Panattonis, $3,000 to a hotel for their benefit, $12,197.56 in interest on John Panattoni's personal loan, and $113,500 to the Panattoni's sole proprietorship, ProSource Farms.
 
 
 7
 Because a jury could not have concluded otherwise, the district court properly found personal liability. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). John was a PACA dealer in a position to control the trust assets, which were dissipated for his and his wife's personal and proprietary benefit. See Mid-Valley Produce Corp. v. 4-XXX Produce Corp., 819 F.Supp. 209, 212 (E.D.N.Y.1993) (president personally liable because he caused the corporate PACA trustee to breach its trust by paying him $113,000 in loan repayments and $150,000 in salary); Morris Okun, Inc. v. Harry Zimmerman, Inc., 814 F.Supp. 346, 348 (S.D.N.Y.1993) (sole shareholder and officer personally liable as an individual in position to control trust assets of corporate PACA trustee); Frio Ice, S.A. v. Sunfruit, Inc., 724 F.Supp. 1373, 1382 (S.D.Fla.1989) (officer and principal who directed corporate operations and received notice from produce seller could be considered a personally liable dealer), reversed on other grounds, 918 F.2d 154 (11th Cir.1990).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review de novo the grant of summary judgment. Jones v. Union P.R. Co., 968 F.2d 937, 940 (9th Cir.1992). We must decide, viewing the evidence in the light most favorable to the Panattonis, whether Skone & Connors was entitled to judgment as a matter of law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989)
 
 
 [2]
 The district court entered judgment against John individually, and the Panattoni marital community
 
 
 [3]
 "Any person ... may elect to secure a license under the provisions of section 499c of this title, and in such case and while the license is in effect such person shall be considered as a 'dealer.' " 7 U.S.C. Sec. 499a(6); Marvin Tragash Co. v. United States Department of Agriculture, 524 F.2d 1255, 1258 (5th Cir.1975). John obtained a PACA license in 1988 to operate a sole proprietorship commodities brokerage, which was the predecessor in interest to FreshPict. FreshPict was not issued a PACA license until almost two months after the last potato delivery. The license was not retroactive