**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: ENOCH PACKING COMPANY, INC., <br><br> In Re, <br><br> _____ <br><br> JOE FLORES; CONNIE FLORES, <br><br> Appellants, <br><br> v. <br><br> EMERICH & FIKE, a professional corporation aka Emerich, Pedreira & Fike; DAVID R. EMERICH; DAVID A. FIKE; JEFFREY D. SIMONIAN; THOMAS A. PEDREIRA; LAWRENCE E. WESTERLUND; DENNIS HAGOBIAN, Is or was President, Chief Executive Officer, Chief Financial Officer, Chief Operating Officer of Yosemite Technologies, Inc.; VICTORIA HAGOBIAN; DENNIS HAGOBIAN RESIDENCE TRUST, a trust; VICTORIA HAGOBIAN RESIDENCE TRUST, a trust; DENNIS VARTAN; SANDY L. VARTAN; JUDITH YERAMIAN; JUDITH MARY YERMANIAN FAMILY | No. 07-16081 <br><br> DC No. CV 06-0388 AWI <br><br><br> MEMORANDUM[*] |

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

TRUST, a trust; RUSSELL DAVIDSON; DDJ, LLC; LINDA COELHO; ENOCH PACKING COMPANY, INC.; McCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH; YOSEMITE TECHNOLOGIES, INC., a corporation; GEORGESON & BELARDINI, Attorneys at law; DDJ, INC.; MICHAEL T. HERTZ; LANG, RICHART & PATCH, a professional corporation; SANDY L. VARTAN LIVING TRUST; JANICE ENOCH KROGER; ROBERT VARTAN; VIOLET VARTAN; VIOLET VARTAN 1990 TRUST; MONY LIFE INSURANCE COMPANY; ROBERT ROSE; NORMAN TRANER; STEVEN K. TAFT; TRANER & TAFT, a partnership; FRUIT MARKETING OF CALIFORNIA; ECO FARM FIELDS, INC.; ECO FARM AVACADOS, INC.; VIE-DEL COMPANY; CRONE LAW GROUP LLP; W.D. FARMING LLC; WILSON SONSINI GOODRICH & ROSATI; TRACY T. LANE; ALLISON M. KEEGAN; JAMES A. DIBOISE; UNITED CALIFORNIA BANK, Bank of the West, successor in interest to United Bank California, fna Sanwa Bank California; CHARLENE ENOCH; FARLEY LAW FIRM; MICHAEL L. FARLEY; VALERIE R. CHRISSAKIS; CLOVIS COMMUNITY BANK, aka Central Valley Community Bank; JAMES EDWARD SALVEN, Chapter 7 Bankruptcy Trustee for DDJ, Inc.,

Appellees,

-2-

ROBERT A. HAWKINS, Chapter 7
Bankruptcy Trustee for Enoch Packing
Co., Inc.; BETH MAXWELL
STRATTON, Chapter 7 Bankruptcy
Trustee for DDJ, LLC,

Trustees - Appellees.

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted June 17, 2010
San Francisco, California

Before:    TASHIMA and BEA, Circuit Judges, and READE, Chief District
Judge.[**]

Plaintiffs Joe and Connie Flores (the "Floreses") appeal the district court's denial of their appeal from the bankruptcy court's dismissal with prejudice of their adversary proceeding against DDJ, Inc., DDJ, LLC,[1] and various other defendants (collectively, "Defendants").  We have jurisdiction under 28 U.S.C. §§ 158(d)(1) & 1291 and we affirm.

---

[**]    The Honorable Linda R. Reade, Chief United States District Judge for the Northern District of Iowa, sitting by designation.

[1]    We reference the DDJ entities as they are now known, although they were known by different names during their initial dealings with Floreses.

The Floreses are fruit growers who entered into packing, marketing, and crop financing agreements with DDJ, Inc. Although it is not entirely clear whether the Floreses also delivered produce directly to DDJ, LLC, it is undisputed that DDJ, Inc., provided invoices to DDJ, LLC, for the Floreses' produce.

The Floreses alleged in their adversary complaint that Defendants received funds that were subject to a statutory trust created under the Perishable Agricultural Commodities Act ("PACA"). *See* 7 U.S.C. § 499e(c)(2). The Floreses acknowledged that they did not personally preserve their trust rights under PACA. *See* 7 U.S.C. § 499e(c)(3). They contend, however, that DDJ, Inc., acting as their agent, preserved PACA trust rights on their behalf as to DDJ, LLC, by giving notice in its (DDJ, Inc.'s) invoices to DDJ, LLC, pursuant to 7 U.S.C. § 499e(c)(4).

We conclude that DDJ, Inc.'s compliance with 7 U.S.C. § 499e(c)(4) is insufficient to preserve the Floreses' rights to PACA trust benefits where the Floreses failed to comply with § 499e(c)(3). We have consistently required strict compliance with the PACA trust provisions. *See Bowlin & Son, Inc. v. San Joaquin Food Serv., Inc. (In re San Joaquin Food Serv., Inc.)*, 958 F.2d 938, 940 (9th Cir. 1992) ("Literal compliance [with the trust-notice provision] is required."); *Consol. Mktg., Inc. v. Marvin Props., Inc. (In re Marvin Props., Inc.)*, 854 F.2d 1183, 1186 (9th Cir. 1988) ("The language of section 499e(c)(3) is unambiguous

on its face . . . . The statute clearly requires the seller to give written notice directly to the buyer.").  As an entity not licensed under PACA, the Floreses' sole method of preserving their trust benefits was to give notice pursuant to § 499e(c)(3).  The Floreses, however, admit that they did not do so.

The Floreses are correct that regulations state that an agent "has the duty to preserve its principal's rights to trust benefits."  7 C.F.R. § 46.46(c)(2); *see also* 7 C.F.R. § 46.46(d)(2).  However, the principal must first preserve its rights to trust benefits under § 499e.  *See* 7 C.F.R. § 46.46(c)(2) ("A principal employing a collect and remit agent must preserve its rights to trust benefits against such agent by filing appropriate notices with the agent.").  Accordingly, we conclude that the Floreses' rights to PACA's trust benefits were not preserved.

Alternatively, the Floreses urge us to apply a substantial compliance standard to PACA's trust-notice requirement.  This argument, too, is foreclosed by our jurisprudence requiring strict compliance.  *See In re San Joaquin*, 958 F.2d at 940; *C&E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.)*, 947 F.2d 1351, 1352-53 (9th Cir. 1991); *In re Marvin Props.*, 854 F.2d at 1186.

Finally, the Floreses contend, for the first time on appeal before this Court, that they should have been granted leave to amend their complaint to plead estoppel or assert state law trust claims.  We conclude that the circumstances do

not warrant remand for the bankruptcy court to grant leave to amend. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 749 (9th Cir. 2006) ("[W]e generally will not remand with instructions to grant leave to amend unless the plaintiff sought leave to amend below."); *Alaska v. United States*, 201 F.3d 1154, 1163 (9th Cir. 2000) ("Where a party never asked for permission, its argument that the 'district court should have permitted' is without force.").

Accordingly, the judgment of the district court, affirming the bankruptcy court, is **AFFIRMED.**