**FRESH WESTERN MARKETING, Plaintiff,**

v.

**M & L FOOD CENTER, INC., Igor Hershkowitz and Sam Grodzienski, Defendants.**

**No. 89–0287–Civ.**

United States District Court, S.D. Florida, Miami Division.

Feb. 21, 1989.

---

**516**

Steve Rafkin, Sures, Dondero & McCarron, Silver Springs, Md., Robert Martinez, Zuckerman, Spaeder, Taylor, & Evans, Coral Gables, Fla., for plaintiff.

Rick Katz, Coral Gables, Fla., for defendants.

## ORDER

NESBITT, District Judge.

This cause is before the Court upon Plaintiff's motion for a temporary restraining order (TRO) and a preliminary injunction, filed February 13, 1989. A hearing was held on February 16, 1989, at which time all defendants were represented.

■ Plaintiff has alleged that Defendants have not fulfilled their obligations under Section 5(c) of the Perishable Agricultural Commodities Act of 1930, 7 U.S.C. § 499e(c) (the "Act"), by failing to pay Plaintiff $26,573.00 and by dissipating those funds. Plaintiff requests that this Court order Defendants to place said amount into an interest-bearing account so that further dissipation of funds will not occur. Defendants, however, have submitted an affidavit stating that no such dissipation has occurred and that the money owed has been placed in a trust account in accordance with the Act and will be distributed to creditors upon authorization from the Secretary of Agriculture.

The Court finds that Plaintiff's requested relief is not warranted under the circumstances, nor is it supported by the Act itself. In *DeBruyn Produce Co. v. Victor Foods, Inc.*, 674 F.Supp. 1405 (E.D.Mo. 1987), the court, after examining the background of the Act, held that

> there is nothing in the statute or its legislative history to indicate that a federal district court should require, as a means to enforce the seller's right to payment out of the statutory trust, the buyer to establish a trust bank account containing the amount of money which the seller claims is due and owing.

*Id.* at 1409.

■ Although there is authority that, upon a showing that Defendant is dissipating the assets of the trust, Plaintiff might be entitled to a TRO requiring Defendant not to dissipate the assets (*see Dole Fresh Fruit Co. v. United Banana Co., Inc.*, 821 F.2d 106 (2d Cir.1987)), no evidence of dissipation has been presented here. In fact, there has been evidence to the contrary. Defendant has submitted an affidavit stating that the owed funds have not been dissipated and that they are in a separate trust account. However, it has not identified the account in which the money is currently being held nor the amount of funds in the account. Accordingly, in light of the foregoing, it is hereby

ORDERED and ADJUDGED that:

(1) Plaintiff's motions for a temporary restraining order and a preliminary injunction are DENIED;

(2) Defendant shall submit documentation to this Court by March 1, 1989 identifying the account, the name of the banking institution in which the funds are being held, and the amount which is deposited. Based on the representations of counsel for the Defendants that the funds are being held in a trust account in accordance with the Act, before making any disbursements Defendant shall give notice and be heard thereon.

DONE and ORDERED.