**DeBRUYN PRODUCE COMPANY, et al., Plaintiffs,**

v.

**OLYMPIA PRODUCE CO., INC., et al., Defendants.**

**Civ. A. No. 1:89–CV–1224–JOF.**

United States District Court, N.D. Georgia, Atlanta Division.

June 27, 1989.

Stephen P. McCarron and Steven H. Kerbel, Sures, Dondere & McCarron, Silver Spring, Md., and John Wayne Moulton, Conyers, Ga., for plaintiffs.

Robert Lee Rehberger, Olympia Produce Co., Inc., Stockbridge, Ga., for defendants.

## ORDER

FORRESTER, District Judge.

This matter is before the court on plaintiffs application for a preliminary injunction. Fed.R.Civ.P. 65. Plaintiffs, Sonny & Son Produce and DeBruyn Produce, are two suppliers of perishable agricultural commodities to defendant Olympia Produce Co. The underlying action is one seeking payment of statutory trust proceeds under the Perishable Agricultural Commodities Act. 7 U.S.C. § 499e(c). Plaintiffs seek an injunction requiring defendant to place the amount they claim they are owed in an escrow account to insure their payment. An evidentiary hearing was held June 21, 1989.[1]

## I.  FINDINGS OF FACT

Olympia was engaged in the purchase and resale of perishable agricultural commodities. Sonny & Son sold it produce from the fall of 1988 through and until January 13, 1989. During January 1989, Olympia stopped making any payments on the invoices for goods due. At the time of the hearing Sonny & Son contended that Olympia was indebted to it in the amount of $33,567.50, and, further, that it had sent the requisite notices under the Act to obtain the trust protection.

Olympia showed that three invoices, 7424(d), 7435, and 7376 were not properly noticed in that the notices were served upon Olympia more than thirty days after the amount became due.[2] These were in the amounts of $538, $855, and $4,696.25, respectively.

Olympia encountered business difficulties during the latter portion of 1988 and the early portion of 1989, and so on February 10, 1989, Olympia ceased buying and selling produce and since that time has continued with only a skeletal work force which was primarily involved in the collection of accounts receivable. At the time of the hearing Olympia was owed $873,000 by debtors to whom perishable agricultural products had been sold.

Since February Olympia collected between $150,000 and $200,000, which money was deposited into its bank account at Bank South. Because Olympia had an overdraft in that amount at the time, the money was applied by that bank to repay

---

1. The court disallowed the use of affidavits to support DeBruyn's application for an injunction, and there is no other evidence before the court from this plaintiff. Therefore, this order will address Sonny & Son Produce only.

2. Both the statute and regulations provide that a trust beneficiary will lose the protection of the trust if a notice of intent to preserve trust benefits is not sent to the broker or dealer and filed with the Secretary of Agriculture within thirty days of the time payment is due either under the regulations or by express written agreement. 7 U.S.C. § 499e(c)(3); 7 C.F.R. 46.46(g).

the overdraft. Olympia also is paying money received from the payout on the accounts receivable in salaries to the corporate president, to the bookkeeper, to the wife of the corporate president, for rent, and for utilities and out-of-pocket operating expenses. Also, attorney's fees and court costs are being paid out of these proceeds. Olympia's president testified he was attempting to pay trust creditors first since the time USDA notified him of Olympia's obligations under the trust provisions. Olympia has no obligations or debts other than those described above; no bank loans are outstanding.

When Olympia stopped buying and selling produce, many of its creditors apparently felt that it was unnecessary to repay their debts to Olympia, and so at present Olympia is involved in a number of court suits to collect monies due it and also is negotiating with a number of its debtors. During the period of its difficulty, Olympia has used some of the monies obtained from the pay-off of its accounts receivable to retire debts owed to non-trust creditors, and recently has paid $1,100 on one invoice, although the farm supplier had not perfected a trust interest.

On June 20, 1989, the United States Department of Agriculture notified Olympia Produce Company, Inc. that trust notices from sixty-seven creditors involving an amount over $980,000 had been received and that it had verified that of this amount, $567,519.03 qualified for trust protection, being the unpaid amount owed to forty-nine creditors/suppliers.

## II. CONCLUSIONS OF LAW

This action is brought pursuant to 7 U.S.C. § 499e(c). The court has jurisdiction pursuant to 7 U.S.C. § 499e(c)(4). The plaintiff Sonny & Son has requested the court to require Olympia to pay the monies owed it into a special trust account for the benefit of Sonny & Son. The Act provides that Sonny & Son, together with the other suppliers, has a floating trust in the res of accounts receivable generated from the sale of perishable agricultural commodities as well as the commodities received and inventory. Presently there are trust claims for more than one-half of the receivables, and in toto the company owes more to its commodities suppliers than it has in receivables. Olympia has paid out funds from proceeds received from the satisfaction of receivables in substantial amounts to non-trust creditors while there were perfected trust notices and the suppliers who filed those notices were not being paid. Olympia has not maintained trust assets in a manner so as to make them freely available to satisfy outstanding obligations to sellers to perishable agricultural commodities in violation of 7 C.F.R. § 46.46(e). Also, Olympia is not maintaining trust assets separate from any other assets of the concern and apparently has no internal procedure for identifying or conserving trust assets.

The statute does not provide for any specific mechanism for assuring payment to trust creditors in the face of a financially troubled debtor. Courts have indicated that on these facts a court is entitled to prevent further dissipation of assets and to set up mechanisms to conserve the assets needed to satisfy the trust creditors. *Fresh Western Marketing v. M & L Food Center*, 707 F.Supp. 515 (S.D.Fla.1989); *DeBruyn Produce Company v. Victor Foods, Inc.*, 674 F.Supp. 1405, 1407 (E.D. Mo.1987); both citing *Dole Fresh Fruit Company v. United Banana Co.*, 821 F.2d 106 (2d Cir.1987).

To grant a preliminary injunction, the court must find that the applicant has a substantial likelihood of success on the merits, will suffer irreparable harm without the requested relief, that the harm to plaintiff will outweigh the potential damage to the defendant, and that the injunction will not be adverse to the public interest. *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir.1983); *Compact Van Equipment Co. v. Leggett and Platt, Inc.*, 566 F.2d 952, 954 (5th Cir.1978). Sonny & Son has demonstrated sufficiently that it is protected by the statutory trust and has a substantial likelihood of prevailing on the merits. Given defendant's troublesome financial situation, Sonny & Son has made the requisite showing that it would be harmed

486

if Olympia was unable to collect its receivables. Segregation of the proceeds of the receivables as they are collected would not unduly burden defendant as long as provision is made to allow the business to continue so that the full amount of receivables can be collected.

In the court's view it would be inequitable to grant the relief requested by Sonny & Son here and have assets set aside for it alone to the detriment of other trust creditors.[3] The court does find that utilizing the standards for granting a preliminary injunction described above that relief is necessary to preserve the status quo for the protection of Sonny & Son and other creditors. Accordingly, Olympia and all persons acting in concert with the company are ORDERED and RESTRAINED from spending or otherwise disposing of assets realized from the payment of accounts receivables, and all monies so received shall be placed in an interest-bearing escrow account for the benefit of the trust creditors until $567,519.03 is deposited or some other amount is shown; PROVIDED FURTHER that the court further determines that it is in the best interest of all creditors to allow Olympia to continue to work to collect the accounts receivable and, therefore, allows the expenditure from the proceeds of accounts receivable in the amount of $1500 per month provided that these payments are for salaries or fees for employees or attorneys primarily engaged in the collection of the accounts receivable or for court costs or for operating expenses necessary to support the collection effort. Olympia is DIRECTED to provide to the court within 30 days the bank, account number and current deposits of the escrow account so established. Olympia is further DIRECTED to maintain an accurate accounting of any funds from the proceeds of accounts receivable used for salaries or fees in the collection of accounts receivable as allowed above.

Rule 65 provides that an injunction will not issue without the applicant giving security adequate to cover damages and costs to the defendant who is found to have been wrongfully enjoined. Defendant's injury if this injunction is determined to be wrongful, is minimal, as it will simply recover the monies paid into the escrow account. The injunction will be effective immediately upon the posting by plaintiff of security in the amount of $2500. Plaintiff may satisfy this requirement by posting with the clerk of the court cash or a bond obtained from a professional bonding service.

SO ORDERED.

---

**3.** Other creditors have claims equally valid as Sonny & Sons; it happened that Sonny & Sons was the first to the courthouse. A fund limited to the amount owed to Sonny & Son may present a problem if other creditors are added as plaintiffs through a class action or intervention. Only that amount would be available, through the court's power, to distribute to all the claimants, resulting in only a partial recovery.