**GULLO PRODUCE COMPANY, INC., a Pennsylvania corporation, Descalzi Produce Company, Inc., a Pennsylvania corporation, the City Banana Company, a Pennsylvania corporation, Plaintiffs,**

v.

**A.C. JORDAN PRODUCE CO., INC., Defendant.**

**Civ. A. No. 90–0652.**

United States District Court, W.D. Pennsylvania.

May 25, 1990.

---

William C. Brucker and Bernard M. Schneider, Pittsburgh, Pa., for plaintiffs.

Paul A. Love, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

LEE, District Judge.

This action is brought by the plaintiffs, sellers of fresh fruits and vegetables, against the defendant, the buyer, to enforce a statutory trust over the perishable agricultural commodities received by the defendant and all inventories of food or other products derived from such perishable agricultural commodities and any receivables or proceeds from the sale of such commodities or products imposed by § 5(c) of the *Perishable Agricultural Commodities Act,* (P.A.C.A.), 7 U.S.C., Sec. 499e(c)(2).

The plaintiffs have requested injunctive relief including preliminarily and permanently enjoining defendant from continuing to violate P.A.C.A. and P.A.C.A. regulations; preliminarily and permanently enjoining the defendant from using assets of the trust in its ordinary course of business or otherwise dissipating the assets of the trust; ordering an accounting for and a segregation from its other assets of all assets of the trust; and a demand for payment of the amount due with interest, costs and attorneys' fees.

The plaintiffs moved for a Temporary Restraining Order and after hearing at which the defendant appeared by counsel, the Court entered a Temporary Restraining Order (i) enjoining the defendant from vio-

lating the provisions of P.A.C.A. and the regulations promulgated thereunder; (ii) ordering an accounting to the Court and the plaintiffs for all assets of the trust; (iii) ordering the defendant to restore to the trust any assets which it received from October 30, 1989, forward and which are lawfully obtainable by it; (iv) restraining the defendant's use of trust assets in its ordinary course of business, or otherwise dissipating the trust assets; (v) ordering the defendant to deliver complete accounts of all its receivables to plaintiff's counsel, subject to those receivables being collected by plaintiff's counsel and deposited in an interest-bearing account; (vi) ordering defendant to deposit any cash assets of the trust in an interest-bearing account; and (vii) requiring the plaintiffs to file security in the amount of $2,000.

A full and complete hearing was held on the Complaint on April 26, 1990, at which time a preliminary injunction in a form substantially the same as the Temporary Restraining Order was entered.

At the various hearings, testimony was taken and a stipulation of the parties was entered into the record.

Thereafter, the plaintiffs amended their Complaint with leave of Court and the defendant filed an Answer.

On May 22, 1990, on motion of the plaintiff, an expedited hearing on the Amended Complaint was held.

### Findings of Fact

1. The plaintiffs are suppliers of perishable agricultural commodities and are owed the following amounts for perishable agricultural commodities received and accepted by the defendant, a dealer of perishable agricultural commodities, in interstate commerce:

| Gullo Produce Company, Inc. | $507,285.76 |
|---|---|
| Descalzi Produce Company, Inc. | $ 70,841.08 |
| The City Banana Company | $ 33,192.25 |

2. That all perishable agricultural commodities, inventories of food or other products derived from the perishable agricultural commodities received by the defendant from the plaintiffs, as well as receivables or proceeds from the sale of any such commodities or products which defendant possessed or obtained from October 30, 1989 forward, are subject to a trust in favor of the plaintiffs imposed by P.A.C.A.

3. That the defendant has used and will continue to use the trust assets in the ordinary course of its business and has otherwise dissipated and will continue to dissipate the trust assets if a permanent injunction order is not entered.

4. That the plaintiffs will suffer immediate and irreparable harm if the defendant is not restrained or enjoined from using or otherwise dissipating the trust assets.

5. That the plaintiffs have properly complied with the provisions of P.A.C.A. for the purpose of preserving their trust benefits.

6. That the defendant has violated the provisions of P.A.C.A. and the regulations promulgated pursuant to P.A.C.A. in connection with the assets of the aforesaid trust.

7. The defendant did not account for all assets of the trust imposed by P.A.C.A. and/or the regulations promulgated thereunder as required by the Temporary Restraining Order and Preliminary Injunction.

8. The defendant, pursuant to the preliminary injunction order, filed an accounting on May 2, 1990, which contained illegible schedules and otherwise was not in accordance with the ordinary accounting principles.

9. The defendant filed an amended accounting on May 17, 1990, which contained legible schedules and appears to be in accordance with ordinary accounting principles.

10. The plaintiffs' counsel filed an accounting of all moneys collected by plaintiffs' counsel in connection with the accounts receivable delivered to plaintiffs' counsel by the defendant.

11. From October 8, 1989, until April 20, 1990, the defendant paid the plaintiffs the following amounts:

| Gullo Produce Company, Inc. | $541,391.81 |
|---|---|
| Descalzi Produce Company, Inc. | $ 71,540.55 |
| The City Banana Company | $ 40,148.00 |

12. The defendant's bookkeeper directed the plaintiffs' bookkeeper to credit all of the payments to the earliest outstanding invoices, some or all of which predated the effective date of the P.A.C.A. trust perfected for the benefit of the plaintiffs.

13. The commodities received by the defendant for the time frame in question were commingled with commodities from suppliers other than the plaintiffs, and the defendant is unable to trace the inventory or the proceeds thereof in its possession from October 8, 1989, forward.

14. A major supplier of the plaintiff, Gullo Produce Company, Inc., made inquiries to a credit agency with regard to its continuing ability to pay for commodities sold to it on credit, and its credit rating is therefore in jeopardy.

15. The defendant is insolvent, and if injunctive relief is not granted to the plaintiffs, the plaintiffs will not receive the assets or proceeds of the assets of the trust imposed or perfected in their favor.

16. At the final hearing, defendant introduced a letter dated May 17, 1990, addressed to the defendant, and from the Acting Regional Director, Northeast Region, P.A.C.A. Branch of United States Department of Agriculture, to the effect that Passarell Farms has filed a P.A.C.A. Complaint against the defendant alleging failure to pay a total of $5,592.75 for fresh vegetables shipped between February 10, and April 9, 1990, and a letter dated April 27, 1990, from A.M. Mantia, Inc., directed to the U.S. Department of Agriculture, notifying the Department of its claim for unpaid "contracts sold" to the defendant in the amount of $2,763.11.

17. Also at the final hearing, the defendant introduced as its Exhibit 1 a record of cash receipts of the defendant and cash disbursements from October 9, 1989, to April 21, 1990, and October 2, 1989, to April 24, 1990, respectively.

*Conclusions of Law*

1. That the transactions involving the sale of fresh fruits and vegetables by the plaintiffs to the defendant are within the purview of the provisions of § 5(c)(2) of the *Perishable Agricultural Commodities Act* (P.A.C.A.), 7 U.S.C., § 499e(c)(2).

2. That the plaintiffs are owed the following amounts for commodities covered by provisions of P.A.C.A. and/or the regulations promulgated thereunder:

Gullo Produce Company, Inc. $507,285.76
Descalzi Produce Company, Inc. $ 70,841.08
The City Banana Company $ 33,192.25

3. That all perishable agricultural commodities, inventories of food or other products derived from the perishable agricultural commodities received by the defendant from October 8, 1989, to the date of this Order as well as the receivables or proceeds from the sale of any such commodities or products which the defendant possessed or has obtained from October 30, 1989 forward, are subject to a trust in favor of the plaintiffs imposed by P.A.C.A.

4. That permanent injunctive relief is required to protect the claims of the plaintiff. Cf. *Hoxworth, et al vs. Blinder, Robinson & Co., Inc., et al,* 903 F.2d 186 [3d Cir.1990] re: Discussion of injunctive relief to protect a damages remedy.

5. That the defendant has used and will continue to use the trust assets in the ordinary course of business and has otherwise dissipated and will continue to dissipate the trust assets if a permanent injunction order is not entered.

6. That the plaintiffs have suffered and will continue to suffer immediate and irreparable harm if the defendant is not restrained or enjoined from using or otherwise dissipating the trust assets.

7. That the plaintiffs have properly complied with the provisions of P.A.C.A. for the purpose of preserving their trust benefits.

8. That the defendant has violated the provisions of P.A.C.A. and the regulations promulgated pursuant to P.A.C.A. in connection with the assets of the aforesaid trust.

9. That plaintiffs' counsel have complied with the provisions of the Temporary Restraining Order and the preliminary injunction with regard to the investing of and accounting for all moneys received by them

in connection with the collection of the receivables turned over to them for collection by the defendant.

10. That while the defendant's preliminary accounting filed on May 2, 1990, was illegible and not in accordance with ordinary accounting principles, nevertheless, the amended accounting filed May 17, 1990, is legible and appears to be in apparent compliance with the preliminary injunction order.

11. That the plaintiffs have suffered no harm or damage as a result of the non-compliance of the defendant's initial accounting with the preliminary injunction order.

■ 12. That the plaintiffs, pursuant to the provisions of P.A.C.A. and/or its regulations, are not required to trace assets to which the trust in question applies and therefore, the trust in favor of the defendant applies to all of the defendant's inventory to the date of this Order and the proceeds thereof, notwithstanding that another supplier may have been the source of the inventory. *In re: Fresh Approach, Inc.,* 51 B.R. 412 (Bkrtcy.1985); *In re: W.L. Bradley Co., Inc.,* 75 B.R. 505 (Bkrtcy.E.D.Pa.1987).

■ 13. That pursuant to the provisions of P.A.C.A., the defendant has the burden to establish which, if any, assets are not subject to the trust and the defendant has not been able to trace the source of any products received by it from October 8, 1989, forward. *In re: Fresh Approach, supra; In re: W.L. Bradley Co., Inc., supra.*

■ 14. The claims of Passarell Farms and/or A.M. Mantia, Inc., cannot be used by the defendant to derogate the claims of the plaintiffs because neither of those claimants has intervened in this action nor have their claims been perfected to the satisfaction of this Court. Apparently, the claim of Passarell Farms is being processed by the United States Department of Agriculture pursuant to the administrative investigation and hearing process of the Secretary pursuant to 7 U.S. § 499f. Similarly, the only proof of the claim of A.M. Mantia, Inc., is a photocopy of a letter to the Department of Agriculture from Mantia together with copies of invoices.

■ 15. That the plaintiffs are entitled to interest on the amounts due them from the due date of each and every invoice to the date of this Order at the rate of six (6%) percent per annum. Thereafter, plaintiffs are entitled to post-judgment interest at the prevailing rate. *In re: W.L. Bradley Co., Inc.,* 78 B.R. 92 (Bkrtcy.E.D.Pa. 1987); 28 U.S.C., § 1961.

16. That the plaintiffs are not entitled to attorneys' fees. *In re: W.L. Bradley Co., Inc., supra.*

An appropriate Order will be entered.

## ORDER OF COURT

AND NOW, to-wit, this 24th day of May, 1990, it is ORDERED, ADJUDGED AND DECREED as follows:

1. The Clerk shall enter judgment against the defendant in favor of each plaintiff as follows:

| | |
|---|---|
| Gullo Produce Company, Inc. | $507,285.76 |
| Descalzi Produce Company, Inc. | $ 70,841.08 |
| The City Banana Company | $ 33,192.25 |

2. The defendant shall pay the plaintiffs interest at the rate of six (6%) per cent per annum from the due date of each and every invoice from October 30, 1989, forward. Thereafter, plaintiffs are entitled to post-judgment interest at the prevailing rate.

3. The defendant is enjoined from continuing to violate the provisions of P.A.C.A. and/or the regulations promulgated thereunder in connection with the assets of the trust imposed by P.A.C.A. in favor of the plaintiffs.

4. The defendant shall restore to the trust any assets of the trust which it has received from October 30, 1989, forward, and which are lawfully obtainable by it.

5. The defendant, on or before June 4, 1990, at 4:30 p.m., shall account to the Court and the plaintiffs for all assets of the aforesaid trust imposed by the P.A.C.A. and/or the regulations promulgated thereunder from October 30, 1989, through the date of this Order.

6. Within 48 hours of the entry of this Order, the defendant shall assign all of its receivables to plaintiffs and deposit and/or

deliver complete accounts, records and information of all of its receivables to the plaintiffs' counsel subject to those receivables being collected by plaintiffs' counsel, without charge to the defendant or the trust, and subject to plaintiffs' counsel making a weekly accounting under Affidavit for all receivables received or collected by the plaintiffs' counsel in that regard. The assignment shall be effective as of April 20, 1990. Plaintiffs' counsel shall act as a trustee in connection with its duties of collection of the accounts receivable. The plaintiffs' counsel shall deposit any cash assets of the trust which are in its possession or lawfully obtainable by it in an interest-bearing account in a chartered institution within the Western District of Pennsylvania and make distribution to the plaintiffs of the amount in the account each week. Each plaintiff shall receive a *pro rata* portion of the amount in the account which shall bear the same proportion to the amount in the account as the amount owed to each plaintiff bears to the amount owed to all plaintiffs.

7. The defendant shall ·endorse any checks made, endorsed or paid to it which are trust assets and which are in its possession or obtainable by it at the time of the entry of this Order, or which it obtains or which become obtainable by it after the entry of this Order, and deliver them, within 48 hours of defendant's receipt of them to plaintiffs' counsel for deposit in the interest-bearing account and distribution by plaintiffs' counsel under Paragraph 6, *supra*.

8. The defendant shall deliver within 48 hours of defendant's receipt of them, any cash assets of the trust which are in its possession or are obtainable by it at the time of the entry of this Order, or which it obtains or which become obtainable by it after the entry of this Order, to plaintiffs' counsel for deposit in the interest-bearing account and distribution by plaintiffs' counsel under Paragraph 6, *supra*.

9. The defendant shall file weekly with this Court satisfactory evidence of compliance with Paragraphs 4, 7 and 8, *supra*.

10. Defendant shall use its best efforts to cooperate with the plaintiffs in any action which plaintiffs may be required to take in collecting the receivables or other trust assets, including any action at law or equity.

11. Immediately after the entry of this Order, plaintiffs and their counsel, agents or employees shall have full, complete and continuing access to all of defendant's books and records, which shall include but not be limited to defendant's tax returns, accounts, invoices, ledgers, computer runs, bank statements and canceled checks, relating to the defendant's business from July 1, 1989, forward, for the purpose of verifying defendant's accountings required by this Order and the previous Orders entered by this Court in this matter and for the enforcement of the Orders. The defendant, upon 48 hours of a request by plaintiffs' counsel, shall allow inspection and copying of the books and records of the defendant by the plaintiffs or their representative(s) at defendant's place of business.

12. Plaintiffs shall be entitled to depose, under oath, at reasonable times and places, defendant's directors, officers, shareholders, employees, agents and accountants about any matters pertaining to any accounting due pursuant to this Order or the prior Orders in this matter, any books or records to which plaintiffs are entitled under Paragraph 11, *supra*, the trust assets or any defendant's business assets, practices, procedures, or operations from July 1989 forward.

13. This Order shall be binding upon the parties to this action, their officers, agents, servants, employees, attorneys and/or all other persons acting in concert or participating with them who receive actual notice of this Order.

14. This Order shall continue in full force and effect, except upon further Order of Court.

15. This Court shall retain jurisdiction of this action to ensure complete compliance with the terms of this Order.