**SIX L'S PACKING COMPANY,**
**Appellant,**

v.

**WEST DES MOINES STATE**
**BANK, Appellee.**

No. 91–3326.

United States Court of Appeals,
Eighth Circuit.

Submitted April 14, 1992.
Decided May 21, 1992.

Stephen P. McCarron, Silver Spring, Md., argued (Allan R. Kahan, on the brief), for appellant.

Wade R. Hauser, III, Des Moines, Iowa, argued, for appellee.

Before McMILLIAN, BOWMAN, Circuit Judges, and EISELE,* District Judge.

BOWMAN, Circuit Judge.

Six L's Packing Company ("Six L's") appeals from the judgment of the District Court[1] awarding Six L's $2,730 and prejudgment interest. We affirm.

In late 1988 and early 1989, Six L's supplied perishable produce to ACR Fresh Food Systems, Inc. ("ACR"), a produce wholesaler. Six L's filed for and received trust protection pursuant to the Perishable Agricultural Commodities Act of 1930, as amended in 1984 ("PACA"), 7 U.S.C. §§ 499a *et seq.* (1988), for three January 1989 shipments of produce to ACR.[2] These shipments, as well as a December 1988 shipment of produce which was not a PACA-qualified transaction, were never paid for by ACR. The total amount owed Six L's by ACR for these shipments was $68,910. On March 2, 1989, using business interruption insurance proceeds that it received as a result of a warehouse fire, ACR paid the remaining balance of $31,029.93 on a loan taken out from West Des Moines State Bank ("West Bank") in February 1984. Later in March 1989, ACR went out of business without having paid Six L's for the shipments of produce.

---

* The HONORABLE GARNETT THOMAS EISELE, Senior United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

2. 7 U.S.C. § 449e(c)(2) (1988) reads in relevant part as follows:

Perishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

An earlier lawsuit brought by Six L's against ACR resulted in Six L's recovering $33,760.83 of the $68,910 owed by ACR. Six L's then filed this suit, attempting to recover the remaining $35,149.17 from West Bank. Six L's claimed that the March 2, 1989, payment by ACR to West Bank, as well as ACR's regular loan payments to West Bank, were from PACA trust assets that belong to Six L's as beneficiary of the PACA trust. The District Court agreed in part, finding that two regular loan payments of $1,820 made by ACR to West Bank on January 17, 1989, and February 9, 1989, respectively, contained trust assets of which Six L's was entitled to a portion. The District Court found that approximately seventy-five percent of ACR's income was produce-related, and thus subject to recovery by PACA trust beneficiaries. Accordingly, Six L's was awarded $2,730, or seventy-five percent of the two $1,820 payments. The District Court declined to apply PACA's trust protection to Six L's with respect to payments made by ACR to West Bank occurring before Six L's first made a PACA-qualified transaction with ACR. The District Court also rejected the argument of Six L's that because the business interruption insurance proceeds from which the $31,029.93 March 2, 1989, payment was made were commingled with PACA trust assets before being passed along to West Bank, the funds used for this payment had been converted into trust assets.

▮▮▮ ACR received $84,616 in business interruption insurance proceeds as a result of its warehouse fire. This money was kept in an account separate from ACR's general bank account, which contained, *inter alia*, proceeds from sales of perishable produce (which are subject to the PACA trust). On March 2, 1989, ACR informed West Bank that its loan was going to be paid in full. To accomplish this, $31,100 of the business interruption insurance proceeds were wired to ACR's general bank account, which was with West Bank. That same day the $31,029.93 was withdrawn from ACR's general account to pay off its loan with West Bank. Thus, the non-trust assets in question, the $31,029.93 paid to West Bank, were momentarily "parked" in the same general checking account containing PACA trust funds. Six L's contends that as a result of this "commingling," the non-trust money and the trust money became indistinguishable such that the entire balance of the checking account became part of the trust. We disagree.

The trust is made up of perishable agricultural commodities received in all transactions, all inventories of food or other products derived from such perishable agricultural commodities, and all receivables or proceeds from the sale of such commodities and food or products derived therefrom. Trust assets are to be preserved as a *nonsegregated* "floating" trust. *Commingling of trust assets is contemplated.*

7 CFR § 46.46(c) (1989) (emphasis added). Thus, the mere fact that non-trust funds were temporarily parked in an account containing trust funds is not enough to convert those non-trust funds into trust assets, as it is permissible to commingle PACA trust assets with non-trust assets. *See Frio Ice, S.A. v. Sunfruit, Inc.,* 918 F.2d 154, 159 (11th Cir.1990); *JSG Trading Corp. v. Tray–Wrap, Inc.,* 917 F.2d 75, 78 (2nd Cir.1990); *Driscoll Potatoes, Inc. v. N.A. Produce Co.,* 765 F.Supp. 174, 178 (D.N.J.1991); *C.H. Robinson Co. v. B.H. Produce Co.,* 723 F.Supp. 785, 794 (N.D.Ga. 1989), *aff'd,* 952 F.2d 1311 (11th Cir.1992); *C & E Enters., Inc., v. Milton Poulos, Inc. (In re Milton Poulos, Inc.),* 107 B.R. 715, 717–18 (Bankr.9th Cir.1989), *rev'd in part on other grounds,* 947 F.2d 1351 (9th Cir. 1991).

Rather, in a dispute over a payment from a checking account containing both trust funds and non-trust funds, the burden is on the PACA debtor (here, West Bank in the shoes of ACR) to show that the disputed payment is from a non-trust source. *See Gullo Produce Co. v. A.C. Jordan Produce Co.,* 751 F.Supp. 64, 68 (W.D.Pa.1990); *DeBruyn Produce Co. v. Richmond Produce Co. (In re Richmond Produce Co.),* 112 B.R. 364, 378 (Bankr.N.D.Cal.1990) (burden on party opposing the trust); *Blair Merriam Fresh Fruit & Produce Co. v.*

*Clark (In re D.K.M.B., Inc.)*, 95 B.R. 774, 776 (Bankr.D.Colo.1989); *In re Fresh Approach, Inc.*, 51 B.R. 412, 422 (Bankr. N.D.Tex.1985). Whether the disputed payment is from a non-trust source is a question of fact, and therefore we will reverse the District Court only if we are convinced that its finding is clearly erroneous. *See Valdez v. Mercy Hospital*, 961 F.2d 1401, 1402 (8th Cir.1992). The District Court noted that the "uncontroverted evidence establish[es] a non-trust asset source for the $31,029.63 [sic] payment." *Six L's Packing Company v. West Des Moines State Bank*, Civ. No. 90–282–E, Findings of Fact, Conclusions of Law, and Order for Judgment at 4 (S.D.Iowa Sept. 12, 1991). Six L's' argument being solely one of law, it does not contest this finding, nor could it successfully do so, for the finding is not only not clearly erroneous, but in fact is well supported by the record.

Six L's also objects to the District Court's holding that because only seventy-five percent of ACR's income was produce-related, Six L's is entitled to only seventy-five percent of the two payments to West Bank that were made with trust assets. This issue is similar to the one discussed earlier: the commingling of trust assets (produce-related receipts) and non-trust assets (non-produce-related receipts). The above analysis thus applies here as well. Such commingling is permitted, and the burden is on the PACA debtor (here, West Bank in the shoes of ACR) to show the portion of the payment that is from a non-trust source. Again, the District Court made a factual finding (that twenty-five percent of ACR's income was non-produce-related) that is not challenged by Six L's. Accordingly, the District Court's holding is upheld.

█ Finally, we agree with the District Court that Six L's is not entitled to PACA trust protection prior to the time it made a PACA-qualified transaction with ACR; thus, it is not entitled to any payments made by ACR to West Bank before Six L's first entered into a PACA-qualified transaction with ACR. The statutory scheme pro-vides no support for the contrary position urged by Six L's.

The judgment of the District Court is affirmed.